IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ALFRED L. FORD, JR.,** | : | CIVIL ACTION NO. 1:22-CV-600 |
| | : | |
| Petitioner | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **WARDEN BRADLEY,** | : | |
| | : | |
| Respondent | : | |

## MEMORANDUM

This is a habeas corpus case filed pursuant to 28 U.S.C. § 2241. Petitioner, Alfred L. Ford, Jr., asserts that the United States Bureau of Prisons ("BOP") has improperly calculated his sentence. On March 6, 2023, we issued an order in which we recognized that there were questions of fact as to which sovereign exercised primary custody over Ford during the relevant period from October 31, 2018 to February 5, 2021 and directed respondent to produce additional evidence that was relevant to those questions. Having reviewed the additional evidence, we will deny Ford's petition with prejudice.

**I.      Factual Background & Procedural History**

Ford is serving a 54-month sentence of imprisonment imposed by the United States District Court for the Eastern District of Missouri for conspiracy to commit access device fraud, attempted use of an unauthorized access device, and aggravated identity theft. See United States v. Ford, No. 1:18-CR-633, Doc. 121 (E.D. Mo. Oct. 30, 2019). He is presently incarcerated by the BOP in the Canaan United States Penitentiary ("USP-Canaan").

Ford was arrested pursuant to his federal charges on August 10, 2018 and was released on bond on August 17, 2018. (Doc. 13-1 at 2, 6). At the time of his arrest, Ford was on parole based on an earlier Pennsylvania sentence. (See Doc. 1-1 at 4; Doc. 13-1 at 25). On October 31, 2018, he was arrested by the Upper Merion Township Police Department in Upper Merion, Pennsylvania pursuant to an outstanding arrest warrant issued by the state of Ohio. (Doc. 13-1 at 2, 8). He was transferred later that day to Montgomery County Correctional Facility. (Id. at 2, 11). The United States Marshals issued a detainer arising from his federal charges on November 7, 2018, asserting that Ford violated the terms of his pretrial release. (Doc. 1-3). Ford was scheduled for extradition to Ohio on November 14, 2018, but was remanded to Montgomery County Correctional Facility when he refused to waive extradition. (Id. at 2, 17).

On December 4, 2018, the Eastern District of Missouri issued a writ of habeas corpus ad prosequendum. (Id. at 3, 22-23). Ford was transferred to the Eastern District of Missouri pursuant to the writ on December 11, 2018. (Id. at 3, 5). Ford pleaded guilty to conspiracy to commit access device fraud, attempted use of an unauthorized access device, and aggravated identity theft on January 16, 2019. Ford, No. 1:18-CR-633, Docs. 38-40. The court sentenced him to 54 months of imprisonment on April 17, 2019. Id., Doc. 59. The court's judgment stated that the sentence would begin to run "today," but also stated that it would run consecutively to Ford's Ohio sentence. Id. Ford remained in federal custody pursuant to the writ of habeas corpus ad prosequendum until June 26, 2019. (Doc. 7-1 at 4, 7). On May 2, 2019, the Eastern District of Missouri issued an amended judgment of sentence,

2

which stated that Ford's sentence would run consecutive to his Pennsylvania sentence.  Ford, No. 1:18-CR-633, Doc. 64.

On June 12, 2019, Pennsylvania issued a warrant for Ford's arrest to begin proceedings to revoke his parole.  (Doc. 13-1 at 3, 25).  On June 26, 2019, he was transferred to Pennsylvania custody pursuant to the warrant.  (Doc. 13-1 at 3, 6).  His federal conviction was lodged as a detainer.  (Id.)  The Pennsylvania Board of Probation and Parole revoked his parole on September 10, 2019 and sentenced him to twelve months in a state correctional institution.  (Doc. 13-1 at 3, 27).  On October 30, 2019, the Eastern District of Missouri issued a second amended judgment of sentence, removing the clause in the original judgment of sentence stating that the sentence would begin "today."  Ford, No. 1:18-CR-633, Doc. 121.

On February 24, 2020, Ford was sentenced in Ohio to twelve months of imprisonment with 222 days credited towards the sentence.  (Id. at 3, 30).  He remained in Pennsylvania custody.  (See Doc. 7-1 at 20).  On July 16, 2020, his Ohio sentence ended while he was in Pennsylvania custody.  (Doc. 13-1 at 3, 33).  On February 5, 2021, Ford was transferred from Pennsylvania custody to federal custody.  (Doc. 7-1 at 5, 7, 20).  The BOP computed his federal sentence to begin on February 5, 2021, with credit applied for the period he was in federal custody from August 10, 2018 to August 17, 2018.  (Doc. 7-1 at 5, 22).

Ford filed the instant petition on April 21, 2022, and the court received and docketed the petition on April 25, 2022.  (Doc. 1).  Ford asserts he is entitled to credit towards his federal sentence from November 7, 2018 to February 5, 2021 because the November 7, 2018 detainer issued by the United States Marshals was the only

reason for his confinement in Pennsylvania during that period. (Doc. 1-1 at 4-6). He additionally seeks *nunc pro tunc* designation of the Pennsylvania prisons in which he was detained as the place for him to complete his federal sentence pursuant to BOP Program Statement 5160.05, Barden v. Keohane, 921 F.2d 476 (3d Cir. 1990), and United States Sentencing Guideline § 5G1.3. (Doc. 1-1 at 6-10).

Respondent responded to the petition on May 23, 2022. (Doc. 7). Respondent argues that the petition should be denied on its merits because the BOP has properly computed Ford's sentence and he is not entitled to a *nunc pro tunc* designation of the place for completion of his sentence. (Id.) Ford filed a reply brief on June 10, 2022. (Doc. 8).

Ford subsequently moved for leave to submit additional documentary evidence related to his arrest by the Upper Merion Police Department and requested an evidentiary hearing. (Docs. 9-10). On March 6, 2023, the court granted the motion for leave to submit additional evidence, denied the request for an evidentiary hearing without prejudice, and required respondent to submit additional documentary evidence. (Doc. 12). The court recognized that there were questions of fact as to what legal basis justified Ford's detention from October 31, 2018 to February 5, 2021, and as to what sovereign retained jurisdiction over Ford during that period, and accordingly directed respondent to submit relevant evidence from the Commonwealth of Pennsylvania, the state of Ohio, and the Eastern District of Missouri that could resolve these questions. (Id.) The court noted that if further proceedings demonstrated the need for an evidentiary hearing the court would reconsider its denial of the request for a hearing either *sua sponte*

4

or on motion by Ford.  (Id.)  Respondent timely submitted additional evidence on April 6, 2023.  (Doc. 13).  Having now reviewed the additional evidence, the court will deny the petition with prejudice for the reasons stated below.

## II. Discussion

Claims that the BOP has failed to properly calculate a sentence are cognizable in petitions for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  See Burkey v. Mayberry, 556 F.3d 142, 146 (3d Cir. 2009) ("A challenge to the BOP's execution of a sentence is properly brought under 28 U.S.C. § 2241.").  Whether the petitioner is entitled to credit for custody prior to the commencement of his federal sentence is governed by 18 U.S.C. § 3585(b), which states:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
> **(1)** as a result of the offense for which the sentence was imposed; or
>
> **(2)** as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585(b).

Section 3585(b) prohibits inmates from receiving "double credit."  Rios v. Wiley, 201 F.3d 257, 272 (3d Cir. 2000), *superseded by statute in nonrelevant part as recognized in* United States v. Saintville, 218 F.3d 246, 247-49 (3d Cir. 2000).  Thus, petitioners generally may not receive credit towards their federal sentence for time spent in the primary custody of a state before the commencement of their federal

sentence. Id. at 272; Taccetta v. BOP, 606 F. App'x 661, 663 (3d Cir. 2015) (nonprecedential).[1] States may relinquish primary custody by releasing a petitioner on bail, dismissing the charges against him, or granting him parole. Taccetta, 606 F. App'x at 663. Petitioners temporarily transferred to federal custody pursuant to a writ of habeas corpus ad prosequendum remain in the primary custody of the state from which they were transferred. Rios, 201 F.3d at 274.

We find that the BOP properly computed Ford's sentence. The record shows that Ford remained in the primary custody of either the state of Ohio or the Commonwealth of Pennsylvania during the relevant period between November 7, 2018 and February 5, 2021. Beginning on October 31, 2018, Ford was detained in Pennsylvania pending extradition to Ohio arising from his pending Ohio charges. (Doc. 13-1 at 2, 8). Although the United States Marshals issued a detainer against him arising from his pending federal charges on November 7, 2018, nothing in the record demonstrates that Ohio relinquished its primary jurisdiction over Ford such that the federal detainer was the only basis for his detention.

Ford remained in Pennsylvania custody pursuant to his Ohio arrest warrant until December 11, 2018, when he was transferred to federal custody pursuant to the Eastern District of Missouri's writ of habeas corpus ad prosequendum. (Doc. 13-1 at 3, 5, 22-23). Ford's period of temporary federal detention pursuant to the

---

[1] The court acknowledges that nonprecedential decisions are not binding upon federal district courts. Citations to nonprecedential decisions reflect that the court has carefully considered and is persuaded by the panel's *ratio decidendi*.

writ from December 11, 2018 to June 26, 2019 did not relinquish Ohio's primary custody over him. See Rios, 201 F.3d at 274.

Ford was transferred back to Pennsylvania custody on June 26, 2019, pursuant to an arrest warrant for the revocation of his Pennsylvania parole. (Doc. 13-1 at 3, 6, 25). He remained in Pennsylvania custody due to his parole revocation proceedings and resulting sentence until February 5, 2021, when he was transferred to the BOP to begin serving his federal sentence. (See Doc. 13-1 at 3, 5-7, 20, 25, 27). Thus, from June 26, 2019 to February 5, 2021, Ford was either in the primary custody of Ohio pursuant to his pending charges in that state or the primary custody of Pennsylvania pursuant to the Commonwealth's parole revocation proceedings. The court need not decide which state exercised primary custody over Ford during this period; it is sufficient for present purposes that the United States was not exercising primary custody over him during the relevant period because he was in the primary custody of either Ohio or Pennsylvania.

Ford argues he should be given credit towards his sentence pursuant to Willis v. United States, 438 F.2d 923 (5th Cir. 1971). Willis and a similar case, Kayfez v. Gasele, 993 F.2d 1288 (7th Cir. 1993), which are applied nationwide pursuant to BOP policy, create a narrow exception to Section 3585(b)'s prohibition on double credit when an inmate is serving concurrent state and federal sentences and the state sentence is set to expire before the federal sentence. See Taccetta, 606 F. App'x at 664. The cases recognize that because Section 3585(b) prohibits double credit, credit against the concurrent state sentence for time in state custody would not confer any benefit on the inmate "except that he would be serving only one

7

sentence instead of two concurrent ones." Id. (internal alterations omitted) (quoting Kayfez, 993 F.2d at 1290). Inmates can thus receive credit towards their federal sentence for the time spent in state custody. Id.

The Willis rule applies only when (1) the state and federal sentences are concurrent; and (2) the "effective full term"—i.e., the full sentence length not including any potential time credits—of the state sentence is equal to or shorter than the federal sentence. Id. The Kayfez rule applies only when (1) the state and federal sentences are concurrent; and (2) the effective full term of the state sentence is shorter than the federal sentence once qualified presentence time has been applied to the sentence. Id.

Ford is not entitled to credit under Willis or Kayfez. The sentencing court's order required Ford's federal sentence to be served consecutive to his state sentence. Ford, No. 1:18-CR-633, Docs. 59, 64, 121. Neither Willis nor Kayfez credit applies when a petitioner's federal sentence is to run consecutive to his state sentence. McKenstry v. Warden Fairton FCI, 618 F. App'x 733, 735 n.4 (3d Cir. 2015) (nonprecedential); Arias v. Wigen, 537 F. App'x 23, 24 (3d Cir. 2013) (nonprecedential).

Ford additionally requests credit on the theory that his federal detainer was the only reason he remained in state custody. Multiple panels of our court of appeals have recognized that BOP inmates may receive credit towards their sentence if they are denied state bail because of a federal detainer. See, e.g., Nieves v. Scism, 527 F. App'x 139, 142 (3d Cir. 2013) (nonprecedential); Shahid v. Schultz, 272 F. App'x 150, 153 (3d Cir. 2008) (nonprecedential). But see Bueno v. United

8

States, 537 F. App'x 18, 19 (3d Cir. 2013) (nonprecedential) (noting that legal theory supporting award of credits for inmates denied bail because of federal detainer was based on interpretation of provision of 18 U.S.C. § 3568 that was superseded by 18 U.S.C. § 3585 and that such credits are no longer appropriate under Section 3585); Castro v. Sniezek, 437 F. App'x 70, 72-73 (3d Cir. 2011) (nonprecedential) (same).

Assuming, *arguendo*, that such credit may be applied, Ford is not entitled to the credit because the record shows that his federal detainer was not the sole reason for his state confinement. See Nieves, 527 F. App'x at 142 (noting that "federal detainer alone" must be the basis for petitioner's continued state custody for petitioner to receive credit). As detailed above, the record demonstrates that at all times during the relevant period from November 7, 2018 to February 5, 2021 Ford was detained either pursuant to his Ohio charges or his Pennsylvania parole revocation proceedings and was not detained solely because of his federal detainer.

Finally, Ford seeks *nunc pro tunc* designation of the Pennsylvania prisons in which he was detained as the place for him to complete his federal sentence pursuant to BOP Program Statement 5160.05, Barden, 921 F.2d at 476, and United States Sentencing Guideline § 5G1.3. (Doc. 1-1 at 6-10).

To the extent Ford relies on Barden and BOP Program Statement 5160.05, we find that he is not entitled to habeas corpus relief. In Barden, our court of appeals held that the BOP has statutory discretion to designate a state prison as the place of confinement for an inmate's federal sentence and that the BOP is therefore obligated to consider an inmate's request for such a designation. Barden, 921 F.2d at 478. The BOP considered Ford's request to designate Pennsylvania state

facilities as the place of his confinement, but denied the request because the sentencing court ordered his federal sentence to run consecutive to his state sentence. (See Doc. 1-9 at 2). Under Program Statement 5160.05(9)(f), the BOP will not grant a request to designate a state prison as the place of confinement when the sentencing court has ruled that the inmate's federal sentence is to run consecutive to his state sentence. (Doc. 7-2 at 8-9). The BOP's deference to the sentencing court's consecutive sentence order satisfies its obligation under Barden to consider Ford's request. See Goodman v. Grondolsky, 427 F. App'x 81, 83 (3d Cir. 2011) (nonprecedential) (holding petitioner was not entitled to *nunc pro tunc* designation of state prison as place of confinement for federal sentence because sentencing judge ordered federal sentence to run consecutive to state sentence and Program Statement 5160.05 stated that BOP would not grant request for designation where sentencing judge had imposed a consecutive sentence).

Ford's argument also fails to the extent it is based on United States Sentencing Guideline § 5G1.3 because this court does not have jurisdiction to grant the requested relief. Claims that a sentencing court erred in applying Section 5G1.3 are not appropriately raised in a Section 2241 habeas corpus petition. See, e.g., Howard v. Longley, 532 F. App'x 116, 118 (3d Cir. 2013) (nonprecedential); Savage v. Zickefoose, 446 F. App'x 524, 525 (3d Cir. 2011) (nonprecedential); Hassan v. Sniezek, 379 F. App'x 232, 235 (3d Cir. 2010) (nonprecedential).

**III.     Conclusion**

  We will deny the petition (Doc. 1) for writ of habeas corpus with prejudice. An appropriate order follows.

              /S/ CHRISTOPHER C. CONNER
              Christopher C. Conner
              United States District Judge
              Middle District of Pennsylvania

Dated:     April 28, 2023